UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

AHMED HELMI, TAMER ABDALLA,
KUMAR ARUN, and YASER MOKHIMAR,

    Plaintiffs,

v.                                                                                          Case No. 5:05-CV-36

SOLVAY PHARMACEUTICALS, INC.,                    HON. GORDON J. QUIST
JAMES GRAYSON, and NANCY SUTIN,
Jointly and Severally,

    Defendants.
_____/

## OPINION

Plaintiffs, Ahmed Helmi ("Helmi"), Tamer Abdalla ("Abdalla"), Kumar Arun ("Arun"), and Yaser Mokhimar ("Mokhimar"), filed this action against Defendants, Solvay Pharmaceuticals, Inc. ("Solvay"), James Grayson ("Grayson"), and Nancy Sutton Nau ("Sutton") (incorrectly named in the complaint as Nancy Sutin), in the Eaton County Circuit Court on or about November 1, 2004, alleging various claims under the Michigan Elliott-Larsen Civil Rights Act ("Elliott-Larsen Act"), M.C.L. §§ 37.2101 to .2804, and claims for intentional infliction of emotional distress. On February 16, 2005, Defendants removed the action to this Court on the basis of diversity jurisdiction. Now before the Court is Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6) and 12(c) to dismiss the claims of Plaintiffs Abdalla and Mokhimar and the claims against Defendant Sutton.

### I. Background

The following facts are taken from the complaint. Essentially, the only facts common to all Plaintiffs are: (1) that they are or were either employed by, or applied for employment with, Solvay;

and (2) Plaintiffs Helmi, Arun, and Abdalla were either supervised by, or dealt with, Defendant Grayson. Plaintiffs also allege that Defendants committed acts of discrimination, harassment, and retaliation against them based upon their race or national origin and intentionally caused them emotional distress. Otherwise, Plaintiffs' claims arose out of separate circumstances and transactions:

Plaintiff Helmi: Plaintiff Helmi was employed by Solvay in Michigan as a Pharmaceuticals Sales Representative, Regional Marketing Manager, or District Manager from February 21, 2000, to March 19, 2004. (Compl. ¶ 2.) Helmi alleges that he was actually or constructively discharged on March 19, 2004. (Id. ¶ 12.) Helmi alleges that Defendant Grayson was primarily responsible for the alleged discriminatory/harassing/retaliatory acts. (Id. ¶ 14.)

Plaintiff Abdalla: Plaintiff Abdalla was a resident of Columbus, Ohio and applied for employment with Solvay as a Pharmaceuticals Sales Representative in August 2003. (Id. ¶ 3.) Abdalla was rejected for employment in August 2003. (Id. ¶ 18.) Abdalla alleges that Defendant Grayson was primarily responsible for the alleged discriminatory/harassing/retaliatory acts. (Id. ¶ 20.)

Plaintiff Arun: Plaintiff Arun has been employed by Solvay as a Pharmaceuticals Sales Representative in Michigan from April 2000 to the present. (Id. ¶ 4.) Arun alleges that during his employment he has been denied promotions to the position of Medical Science Liaison on the basis of his race and national origin. (Id. ¶ 15.) Arun alleges that Defendant Grayson was primarily

|  |  |
|---|---|
|  | responsible for the alleged discriminatory/harassing/retaliatory acts. (Id. ¶ 17.) |
| Plaintiff Mokhimar: | Plaintiff Mokhimar is a resident of Grand Blanc, Michigan and applied for employment with Solvay in November 2001. (Id. ¶ 5.) Mokhimar alleges that he was denied employment by Solvay in November 2001. (Id. ¶ 21.) Mokhimar alleges that Defendant Sutton was primarily responsible for the alleged discriminatory/harassing/retaliatory acts. (Id. ¶ 23.) |

## II. Discussion

Defendants raise several issues in the instant motion. First, they contend that Abdalla's and Mokhimar's claims must be dismissed due to improper venue. Defendants contend that there is no basis for a lawsuit in Michigan because those Plaintiffs did not apply for their positions in Michigan, did not reside in Michigan when they applied for the positions with Solvay, and did not enter Michigan during the application and interviewing process. Second, Defendants argue that Mokhimar's claims must be dismissed because they are time-barred. Third, Defendants argue that Abdalla and Mokhimar fail to state claims under the Elliott-Larson Act. Finally, Defendants argue that all claims against Defendant Sutton (those asserted by Mokhimar) must be dismissed for lack of personal jurisdiction.

**A. Improper Venue**

Defendants contend that Abdalla's and Mokimar's claims must be dismissed because venue is improper under the general venue statute applicable to diversity cases, 28 U.S.C. § 1391(a). Defendants' argument might be persuasive if Plaintiffs invoked this Court's original jurisdiction by filing their complaint in this Court. However, Defendants removed this case from state court. In

removal cases, venue is controlled by 28 U.S.C. § 1441(a), not § 1391(a). See Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665, 73 S. Ct. 900, 902 ((1953) (stating that "[t]he venue of removed actions is governed by . . . 28 U.S.C.A. § 1441(a), and under that section venue was property [sic] laid in the Southern District of Florida); Lambert v. Kysar, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) ("Even if their assertion could be construed as a waiver of any objection to venue under 28 U.S.C. § 1391, the venue of a removed action is not governed by § 1391, but by 28 U.S.C. § 1441(a)."); Collins v. JC Penney Life Ins. Co., No. C 01-4069-SI, 2002 WL 505931, at *2 (N.D. Cal. Apr. 1, 2002) (stating that § 1441(e) allows this Court to exercise jurisdiction over this matter, even if venue were improper in San Francisco Superior Court, so long as the requirements of § 1441(a) are satisfied"). See generally 16 Moore's Federal Practice, § 107.31[6] (3d Ed. 2003) ("The general federal venue provisions . . . do not apply to removed cases. Rather, removal venue is determined by the removal statute.") (footnote omitted).

Section 1441(a) provides that an action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiffs filed this action in the Eaton County Circuit Court, which is within the Western District of Michigan, Southern Division. Therefore, venue of this removed action is proper in this Court.[1]

**B.      Failure to State a Claim**

Defendants have also moved to dismiss Abdalla's and Mokhimar's claims pursuant to Rule 12(b)(6) for failure to state a claim. A court's review of such motions is confined to the pleadings, as well as documents attached to, or referenced in, the pleadings. See Weiner v. Klais & Co., 108

---

[1] Because venue is proper under § 1441(a), the Court need not address the parties' arguments about transfer under 28 U.S.C. § 1406(a).

F.3d 86, 88-89 (6th Cir. 1997). Here, Defendants rely upon matters outside of the pleadings in support of their motion. In such a case, a court may consider the materials and treat the motion to dismiss as a motion for summary judgment under Rule 56. See Fed. R. Civ. P. 12(b); Soper v. Hoben, 195 F.3d 845, 850 (6th Cir. 1999); Salehpour v. Univ. of Tenn., 159 F.3d 199, 204 (6th Cir. 1988). However, Rule 12(b) also states that when a court decides to treat a motion to dismiss as a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b); see also Helwig v. Vencor, Inc., 251 F.3d 540, 552 (6th Cir. 2001) ("Rule 12 authorizes such a conversion but mandates that parties be given an opportunity to submit materials to support or oppose summary judgment. We have underscored this requirement of 'unequivocal notice' on numerous occasions."). With regard to the notice requirement, the Sixth Circuit has observed: "Because of the risk of prejudicial surprise arising from the court's treating a motion to dismiss as a motion for summary judgment, Rule 12(b) further requires notice and an opportunity to supplement the record before the court enters summary judgment." Briggs v. Ohio Elections Comm'n, 61 F.3d 487, 493 (6th Cir. 1995). Notice is not required where there is no surprise to the nonmoving party, such as where the moving party brings its motion as a motion to dismiss or, alternatively, a motion for summary judgment. See Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 571 (6th Cir. 2001) (concluding that the district court did not abuse its discretion by failing to give notice where the plaintiffs and the defendant both referred to the motion as also being a motion for summary judgment, the plaintiffs made a Rule 56(f) argument, and the plaintiffs attached and/or incorporated by reference exhibits and affidavits to their brief in opposition to the defendant's motion).

In this case, Defendants brought their motion only as a motion to dismiss and not as a motion for summary judgment, even though they attached two affidavits pertaining to the issues of whether Mokhimar's claims are time-barred and whether the Elliott-Larsen Act applies to Mokhimar's and Abdalla's discrimination/harassment/retaliation claims. In their response brief, Plaintiffs do not refer to Defendants' motion as a motion for summary judgment, nor have they submitted any affidavits or exhibits in response to Defendants' motion. On the other hand, Plaintiffs acknowledge and discuss the affidavits submitted by Defendants. Plaintiffs also argue that Defendants' motion to dismiss is premature because discovery has been stayed pending the resolution of the instant motion and, therefore, "Defendants are not entitled to summary judgment on any of Plaintiffs' underlying claims." (Pls.' Resp. Br. at 7.)

Based upon the circumstances in this case, the Court finds it appropriate to treat Defendants' motion as a motion for summary judgment. The Court also believes that, in light of the fact that Defendants have not specifically moved for summary judgment, Plaintiffs should be allowed the opportunity to supplement the record with affidavits responding to the statute of limitations and choice of law issues or, in the absence of such evidence, to file a Rule 56(f) affidavit explaining why discovery is required on these issues. The Court notes, however, that facts regarding the date of the alleged discriminatory/harassing/retaliatory event claimed to be a violation of the Elliott-Larsen Act should be within Mokhimar's personal knowledge.[2] Similarly, Mokimar and Abdalla should have

---

[2] Without ruling on the issue, the Court notes that Defendants' evidence establishes the date that Mokimar applied for the position but it does not conclusively establish the date that he was rejected. Whether it is unreasonable to infer that Mokimar would have been rejected for the position more than a year after he applied for it is a question that this Court does not decide at this time. The Court also notes that, although he was never employed by Solvay, Mokimar alleges that Defendant Sutton harassed him and retaliated against him. To the extent that a non-employee can assert such claims, the alleged harassment or retaliation would arguably be separate from the decision to deny Mokimar employment.

personal knowledge of facts explaining why Michigan law applies to their discrimination claims. Thus, a general assertion that discovery has been stayed may not suffice as a sufficient response to Defendants' motion to dismiss.

### III. Conclusion

For the foregoing reasons, the Court will deny Defendants' motion to dismiss on the basis of improper venue. The Court will defer ruling on Defendants' motion with regard to the issues of whether Mokhimar's claims are time-barred and whether the Elliott-Larsen Act applies to Mokimar's and Abdalla's claims of discrimination/harassment/retaliation and will also defer ruling on the issue of whether Defendant Sutton is subject to personal jurisdiction in Michigan until after Plaintiffs submit supplemental materials (if any) in opposition to the motion for summary judgment. Finally, the Court will afford Defendants an opportunity to file a supplemental brief to address any materials that Plaintiffs may submit.

An Order consistent with this Opinion will be entered.


Dated: June 1, 2005                                /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE