UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

AHMED HELMI, TAMER ABDALLA,
KUMAR ARUN, and YASER MOKHIMAR,

    Plaintiffs,

v.                                               Case No. 5:05-CV-36

SOLVAY PHARMACEUTICALS, INC.,           HON. GORDON J. QUIST
JAMES GRAYSON, and NANCY SUTIN,
Jointly and Severally,

    Defendants.

_____/

## MEMORANDUM ORDER

On June 1, 2005, the Court entered an Opinion and Order regarding Defendants' motion to dismiss. In particular, the Court denied the motion on the issue of improper venue. The Court also found it necessary to treat Defendants' motion with regard to the issues of whether Plaintiff Mokhimar's claims are time-barred and whether the Michigan Elliott-Larsen Act applies to Plaintiffs Mokhimar's and Abdalla's discrimination/harassment/retaliation claims as a motion for summary judgment. Accordingly, the Court deferred ruling on those issues and the issue of whether Defendant Sutton is subject to personal jurisdiction in Michigan until after Plaintiffs were afforded the opportunity to file affidavits or other materials in response to Defendants' motion or a Rule 56(f) affidavit explaining why further discovery is necessary. The Court allowed Plaintiffs until June 15, 2005, to file their evidence in response to Defendants' motion. Because Plaintiffs have failed to submit any evidence, the Court finds it appropriate to rule on the remainder of Defendants' motion.

Defendants contend that Plaintiff Mokhimar's claims must be dismissed because they are time-barred. Claims under the Elliott-Larsen Act are subject to a three-year statute of limitations. See Hollowell v. Mich. Consol. Gas Co., 50 F. Supp. 2d 695, 702 (E.D. Mich. 1999). Similarly, the period of limitations applicable to claims for intentional infliction of emotional distress in Michigan is three years. See Thurman v. DaimlerChrysler, 397 F.3d 352, 359 (6th Cir. 2004). In support of their argument that Mokhimar's claims are time-barred, Defendants have presented evidence that Mokhimar interviewed with Solvay in November 2000 for a sales position in Wisconsin and was not selected for that position. (Coburn Decl. ¶¶ 3-5.) Based upon this evidence, and in the absence of any evidence to the contrary from Mokhimar, it is reasonable to infer that Mokhimar's claims accrued more than three years prior to November 1, 2004 – the date Plaintiffs filed their complaint in this case. Accordingly, the Court concludes that Defendants are entitled to summary judgment on Mokhimar's claims. Because Mokimar is the only plaintiff asserting a claim against Defendant Sutton, the Court will dismiss Mokhimar's claims with prejudice and will dismiss Sutton as a defendant.[1]

In addition, and as an alternative argument with regard to Mokimar, Defendants argue that Plaintiffs Abdalla's and Mokhimar's claims under the Elliott-Larsen Act must be dismissed because the Elliott-Larsen Act does not govern their discrimination claims. Plaintiffs have presented evidence that at the time Mokhimar interviewed with Solvay, Mokhimar was a resident of North Carolina and was last interviewed by Solvay in Illinois. (Id. ¶ 4.) Therefore, Defendants argue, under Michigan's choice of law rules, the law of North Carolina or Illinois, rather than Michigan,

---

[1] In light of the dismissal of the claims against Sutton as barred by limitations, the Court finds it unnecessary to address the issue of personal jurisdiction over Sutton.

would govern Mokhimar's claims. Similarly, Defendants have presented evidence that Abdalla resides in Ohio and was last interviewed there for an Illinois-based sales position. (Hudson Decl. ¶ 6.) Therefore, Defendants argue, Ohio law would govern Abdalla's claim.

In <u>Macki v. Ford Motor Co.</u>, No. 85-1647, 1986 WL 17722 (6th Cir. Sept. 30, 1986) (per curiam), the Sixth Circuit affirmed a district court's grant of summary judgment to the defendant on the basis that under Michigan's choice of law rules, the law of Ohio, rather than Michigan, governed the plaintiff's discrimination claim. The district court reasoned that Ohio law applied because, although the plaintiff occasionally traveled to the defendant's offices in Michigan, he was an Ohio resident and worked in Ohio. <u>See id.</u> at *1. The defendant was entitled to summary judgment because the Elliott-Larsen Act did not apply and the plaintiff failed to allege a violation of Ohio law. <u>See also</u> <u>Schinella v. Great Lakes Dredge & Dock Co.</u>, No. 95-1953, 1996 WL 724346 (6th Cir. Dec. 16, 1996) (per curiam) (affirming summary judgment to the defendant on the basis that the plaintiff's claims were governed by Illinois law rather than the Elliott-Larsen Act); <u>Ausel v. Unisys Corp.</u>, No. 94-73359, 1996 WL 426476, at *5 (E.D. Mich. Apr. 9, 1996) (granting summary judgment to the defendant because the Elliott-Larsen Act did not apply to the plaintiff's claim involving his transfer from a position in New Jersey to a position in Pennsylvania). Similarly, based upon the evidence Defendants have presented in this case, Michigan law, and, specifically, the Elliott-Larsen Act, has no application to Mokhimar's or Abdalla's discrimination claims. Defendants are thus entitled to summary judgment on Mokhimar's and Abdalla's Elliott-Larsen Act claims. Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion To Dismiss The Claims Of Plaintiff Tamer Abdalla, The Claims Of Plaintiff Yaser Mokhimar, And The Claims Against Defendant

Nancy Sutton Nau (docket no. 9) is **GRANTED** with regard to all of Plaintiff Mokhimar's claims and with regard to Plaintiff Abdalla's Elliott-Larsen Act claim.

The case will continue on Plaintiffs Helmi's and Arun's claims under the Elliott-Larsen Act and for intentional infliction of emotional distress and on Plaintiff Abdalla's claim for intentional infliction of emotional distress.[2]


Dated: July 11, 2005                                       /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE

---

[2] Defendants did not seek dismissal of Abdalla's claim for intentional infliction of emotional distress.